Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▾

_____ CIVIL __ Division

RONALD K. WATKINS

)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

DISTRICT OF COLUMBIA ET, AL

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:26-cv-00198
Assigned To : Mehta, Amit P.
Assign. Date : 1/22/2026
Description: Pro Se Gen. Civ. (F-DECK)

Jury Trial: *(check one)*  ☐ Yes  ☑ No

## COMPLAINT FOR A CIVIL CASE

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | RONALD K.  WATKINS |
| Street Address | P.O. BOX 7676 |
| City and County | SILVER SPRING |
| State and Zip Code | MARYLAND, 20907-7676 |
| Telephone Number | (301) 204-2846 |
| E-mail Address | WALKOLOVE@AOL.COM |

RECEIVED

JAN 22 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name            MAYOR MURIEL BOWSER

    Job or Title *(if known)*    MAYOR  AT OFFICE OF RISK MANAGMENT

    Street Address       441 4TH STREET NW, SUITE 800

    City and County     WASHINGTON,

    State and Zip Code   DISTRICT OF COLUMBIA

    Telephone Number   (202) 727-8600

    E-mail Address *(if known)*   ORM@DC.GOV

Defendant No. 2

    Name            THOMAS FAUST

    Job or Title *(if known)*    DIRECTOR D.C. DEPARTMENT OF CORRECTIONS

    Street Address       3924 MINNESOTA AVENUE, NE 2ND FLOOR

    City and County     WASHINGTON

    State and Zip Code   DISTRICT OF COLUMBIA, 20019

    Telephone Number   (202) 698-4932

    E-mail Address *(if known)*   doc@dc.gov

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. 1738, 28 U.S.C. 1331, 28 U.S.C. 1367, 28 U.S.C. 2202. U.S. Cont. Article IV, Section 1, Full Faith and Credit Clause and U.S. Cont. Fifth Amendment (due process of law).

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  N/A                                          , is a citizen of the State of *(name)*  N/A                              .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*  N/A                                          , is incorporated under the laws of the State of *(name)*   N/A                              ,

and has its principal place of business in the State of *(name)*

N/A                                          .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*  N/A                                          , is a citizen of the State of *(name)*  N/A                              . Or is a citizen of

*(foreign nation)*   N/A                              .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

    The defendant, *(name)* N/A , is incorporated under the laws of the State of *(name)* N/A , and has its principal place of business in the State of *(name)* N/A .

Or is incorporated under the laws of *(foreign nation)* N/A and has its principal place of business in *(name)* N/A .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Determined by the Office Of Personnel Managment affirmed by United States Court of Appeals for the Federal Circuit ( 2022-2085) (WL 5970785) (2023).

See Also Watkins v. District of Columbia 944 A. 2d 1077, 1082,1085 (2008) Final Judgment and Mandate. DCCA 19-CV- 303 Watkins v. District of Columbia (20219).

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached Complaint

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attachd Complaint

See Attached Compliant

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          01/21/2026

Signature of Plaintiff

Printed Name of Plaintiff    Ronald K. Watkins

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD K. WATKINS** | |
| **Plaintiff/Petitioner** | **File Date:**    **January 22, 2026** |
| **v.** | **Petition No.** _____ |
| **DISTRICT OF COLUMBIA, et. al** | **Docketed:**    **January 22, 2026** |
| | **(Supplement to form Pro Se 1)** |
| **Defendant/Respondent** | |

## PETITIONER'S SUPPLEMENTAL EMERGENCY EXPEDITED COMPLAINT ON 28 U.S.C. § 1738, 28 U.S.C. § 1331, 28 U.S.C. § 1367 AND 28 U.S.C. § 2202 'EQUITABLE RELIEF' FINAL JUDGEMENT AND MANDATE ENFORCMENT AND COMPLIANCE

## THE INCLUDED EXPEDITED TIMELY FILED 'EQUITABLE RELIEF' COMPLAINT REQUEST FOR FINAL JUDGMENT AND MANDATE ENFORCEMENT/COMPLIANCE

## [ON MOTION]

**RECEIVED**

JAN 22 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## Federal Circuit Merit Panel Holding[s]

Did not address the directly, timely filed Petition for Review of the timely  request for all 28 U.S.C. § 1738 final Judgements and Mandates Enforcement.  The Defendant Agency Heads have refused and will not comply with required final judgment and mandate ordered equitable relief without further 'enforcement' action by an [Appellate] District of Columbia Circuit or District Court Order. Thereto, Plaintiff's 'Emergency' Expedited Request for 28 U.S.C. § 1738, §1331, §1367 and §

1

2202 due process and equal protection constitutionally guaranteed rights. Plaintiff's 'Medical', 'Dental' Insurance 'compensatory' 'back pay' equitable relief award must be immediately restored as mandated by law and judicially affirmed.

## FACTUAL STATEMENT OF THE CASE
## (BACKGROUND)
## RELATED CASES

### Watkins v. District of Columbia, 944 A. 2d 1077, 1082, 1085(D.C. 2008); Watkins v. OPM 2022-2085; 2023 (WL 5970785); Watkins v. OPM 2024-1904; Watkins v. District of Columbia 2025-1882 (Federal Circuit)

**Holding:** The Court of Appeals, <u>Reid,</u> J., held that the trial court properly exercised its discretion in fashioning an equitable remedy by rescinding its initial order to reinstate [Petitioner] and substituting, instead, an order for front pay and back pay. **Affirmed**. <u>Id</u>. Every Federal Circuit Merit Panel's final judgment and mandate in Watkins v. OPM <u>2022-2085</u> issued September 14, 2023 and November 6, 2023 respectively as reported in 2023 WL <u>5970785</u> and <u>2024-1904</u> December 6, 2024 and January 30, 2025 and Watkins v. District of Columbia 2025-1882 issued December 9, 2025 and Mandate January 23, 2026 are clear, unambiguous and incontrovertible and must be implemented and followed. Each federal circuit merit panel provided its 28 U.S.C. § 1738 preclusive effect to DCCA 944 A. 2d 1077 et. seq. (D.C. 2008) final Judgment to the limit of its 'jurisdiction and authority'!

### STATEMENT OF UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT/ DISTRICT COURT CONTROLLING FACTUAL JURISDICTION This [Federal] D.C. District Court has 28 U.S.C.  § 1738, § 1331, §1367 and § 2202 subject matter enforcement jurisdiction and authority.

Pro Se Plaintiff now realizes this court has final judgment and mandate 'equitable relief' "enforcement" jurisdiction pursuant to 28 U.S.C. § 1738, 28 U.S.C. § 1295, 28 U.S.C. § 2107(a), Fed. R. App. P. 15(a)(1), Fed. R. App. P. 4(a)(1), Fed. Rule of Civil Procedure 54(c), with 28 U.S.C. § 2202, Full Faith and Credit's Constitutional Command, 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Also, D.C. Official Codes §50-2304.04(a) and §2-510(a) and D.C. App. R. 4(a)(1) which **thirty** (30) calendar day statutory 'Time limitation' to seek review cannot be waived nor tolled. Also, D.C. Official Code § 1-615.54(a)(1)(D)(F) and **now** the United States District Court for the District of Columbia. D.C. Circuit's binding Precedent is crystal clear on this issue.

2

See Coleman v. District of Columbia, 794 F. 3d 49 (D.C. Circ. 2015), "[Plaintiff] Subsequently filed suit in the United States District Court for the District of Columbia alleging violations of the Whistleblower Act, along with other state and federal causes of action." Id. at 56 FN. (1), "The federal claims gave rise to federal question jurisdiction, over [Watkins's] Whistleblower Act and other related state-law. [D.C. Code §§ 32-1301 to-1312] See 28 U.S.C. §§ 1331, 1367." Thereto, 28 U.S.C. § 1738, 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 2202 must be applied and enforced as a matter of law. Just as [local] D.C. courts would do.

### DISTRICT OF COLUMBIA OFFICIAL CODE § 1-615.56(c)

The drafters (D.C. Council) of the DCWPA took careful and caution action by mandating, "Except as provided in subsections (a) and (b) of this section, nothing in this subchapter shall diminish the rights and remedies of an employee pursuant to any other federal or District law." Id. See D.C. Official Code §§ 32-1301 to-1312. Hereto, Petitioner re-asserts his "Enforcement" demand pursuant to 28 U.S.C. §1738, §1331, §1367, §2202 with U.S. Constitutional guaranteed fifth and fourteenth amendments due process and equal protection rights. Pursuant to this Court's jurisdictional authority.

### DISTRICT OF COLUMBIA CIRCUIT FULL FAITH AND CREDIT 28 U.S.C. § 1738
### "CONSTITUTIONAL COMMAND"
### DOCTRINE OF RES JUDICATA

Herrion v. Children's Hospital National Medical Center, et al., 786 F. Supp. 2d 359 (D.D.C. 2011). "Federal courts must accord "full faith and credit" to the judgments of state courts, 28 U.S.C. § 1738, a command that extends with no less force to the judgments rendered by the courts of the District of Columbia, *Youngin's Auto Body v. District of Columbia, 775 F.Supp.2d 1, 5-6, 2011 WL 996662, at *3 (D.D.C. Mar. 17, 2011)*. To provide the requisite "full faith and credit," federal courts must give the judgments of other courts of competent jurisdiction "the same preclusive effect as would the issuing court," *Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 77 (D.C.Cir.1997)*.""

"Under District of Columbia law, the doctrine of *res judicata* provides that "a valid final judgment on the merits absolutely bars the same parties from relitigating the same claim in a subsequent proceeding." *Mamo v. District of Columbia, 934 A.2d 376, 387 (D.C.2007)* (internal quotation marks omitted)," Id. at 368.

3

Respondents/Dedendants and OPM are in Privity, "Under District of Columbia law, the doctrine of *res judicata* provides that "a valid final judgment on the merits absolutely bars the same parties from relitigating the same claim in a subsequent proceeding." *Mamo v. District of Columbia, 934 A.2d 376, 387 (D.C.2007)* (internal quotation marks omitted), *cert. denied,* 552 U.S. 1259, 128 S.Ct. 1670, 170 L.Ed.2d 357 (2008). Specifically, a subsequent lawsuit will be barred if there has been prior litigation (i) involving the same claim or cause of action, (ii) between the parties or their privies and (iii) there has been a final judgment on the merits, (iv) by a court of competent jurisdiction. *Porter v. Shah,* 606 F.3d 809, 813 (D.C.Cir.2010). Provided these four elements are met, the final judgment "embodies all of a party's rights arising out of the transaction involved, and a party will be foreclosed from later seeking relief on the basis of issues which might have been raised in the prior action." *Parker v. Martin,* 905 A.2d 756, 762 (D.C.2006) (internal quotation marks omitted)." FN (6) & (9) Id. at 368.   See also, Bode & Grenier, LLP v. Knight 808 F. 3d 852, "Federal courts extend to state court judgments the same preclusive effect those judgments would receive in the originating state. *See* 28 U.S.C. § 1738 (requiring that state "judicial proceedings ... shall have the same full faith and credit" in other courts as they had "by law or usage in the courts of such State ... from which they are taken"); *see also Thomas v. Wash. Gas Light Co.,* 448 U.S. 261, 270, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980) (plurality opinion) (noting that the requirement to award preclusive effect to state court judgments, "if not compelled by the Full Faith and Credit Clause [of the Constitution] is surely required by 28 U.S.C. § 1738"). Id. at 857,858.

### Petitioner's Constitutional Fourteenth and Fifth Amendments Rights (Claims) There Is Basis to § 1738 compel 'Compliance' by this District of Columbia Court

The Federal Circuits Sister D.C. Circuit specifically held in Jackson v. Office of the Mayor of the District of Columbia, 911 F. 3d 1167, (D.C. Circ 2018), "In the interim, Jackson filed the instant complaint ("Federal Complaint"). This time Jackson sued both the Committee and the Mayor's Office ("Defendants"). He alleged that the denial of his application and the rejection of his challenge to that denial violated the Sixth, Thirteenth and Fourteenth Amendments." Id. at 1171. See also FN (1), "Reading the *pro se* Federal Complaint "liberally," *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999), we construe the Fourteenth Amendment claim as a Fifth Amendment claim, *see English v. District of Columbia, 717 F.3d 968, 972 (D.C. Cir. 2013)* (noting that Fifth Amendment applies to D.C.)."

4

Moreover, it is undisputed that Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a **final** [District of Columbia] court judgment is entitled to "the same respect that it would receive in the courts of the rendering State." Matsusjhita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996). That rule extends to judgments of the District of Columbia courts. See Stanton v. D.C. Court of Appeals, 127 F. 3d 72, 77 (D.C. 1997). This Court therefore should apply D.C. law in determining the preclusive effect of the D.C. Superior and Appellate court final Orders, Judgments and Mandates. See Simpleair Inc. v. Google LLC. (Precedential) 884 F. 3d 1160 (Fed. Cir. 2018) at 1165, "In assessing claim preclusion, we apply the law of the regional circuit in which the [Appellate] court sits, here the [District of Columbia]. See, e.g., Senju, 746 F.3d at 1348."

The D.C. Circuits Precedent case law is clear on this issue by further holding, "We give judgments of other courts the same preclusive effect as would the issuing court — in this case, the D.C. Court of Appeals. See 28 U.S.C. § 1738; *Matsushita Elec. Industrial Co. v. Epstein,        U.S.      ,      , 116 S.Ct. 873, 877, 134 L.Ed.2d 6 (1996)*." See Stanton v. D.C. Court of Appeals 127 F. 3d at 72,77 (D.C. Circuit 1997).

## PETITIONER'S FACTUAL STATEMENT OF TIMELY COMPLIANCE

Plaintiff believes it is important to assert and highlight, pro se Petitioner had exemplified and demonstrated due diligence in complying with that high Court's definitive "Notice of Docketing" order issued June 25, 2025. Equally important, Petitioner has remained laser focused in complying with controlling D.C. Official Codes §50-2304.04 and § 2-510(a) and 28 U.S.C. § 2107(a), D.C. App. R. 4(a)(1) which declares, defines and mandates the thirty (30) calendar day mandatory, statutory and jurisdictional 'Time Limitation' to file 'Any Appeal' to include this Complaint and "Motion" for "Equitable Relief' "'Enforcement,'" which is satisfied. See also 28 U.S.C. § 1738 with §§ 1331 and 1367.

## CONTROLLING FEDERAL CIRCUIT CASE LAW AUTHORITY
## STANDARD OF REVIEW
### Law of the case doctrine with Fourteenth and Fifth Amendment

### Legal Doctrine of Res Judicata

Pro se Petitioner/Plaintiff begs the court to view the pro se [Federal Complaint] and Motions "liberally," Richardson v. United States, 193 F. 3d 545, 548 (D.C. Cir.1999),

we construe the Fourteenth Amendment claim as a Fifth Amendment claim, see English v. District of Columbia, 717 F. 3d 968, 972 (D.C. Cir. 2013) (noting that Fifth Amendment applies to D.C.).

Federal courts review legal holdings de novo and examine factual findings for clear error. Bell BCI Co. v. United States, 570 F. 3d 1337, 1340 (Fed. Cir. 2009). "[T]he interpretation by an appellate court of its own mandate is properly considered a question of law, reviewable de novo." Laitram Corp. v. NEC Corp., 115 F. 3d 947, 950 (Fed. Cir. 1997). Moreover, Petitioner begs the court to apply its recent holdings in Perlick v. Dept. of Veterans Affairs, 104 F. 4d 1326 et. seq. (2024).

"The full faith and credit statute dictates that D.C. law governs this issue. *See* 28 U.S.C. § 1738; *Hurd v. District of Columbia,* 864 F.3d 671, 679 (D.C. Cir. 2017) (holding that full faith and credit statute, 28 U.S.C. § 1738, requires federal court to give D.C. court's decision same preclusive effect D.C. court does). D.C. law establishes that, "[u]nder the doctrine of claim preclusion or *res judicata,* when a valid final judgment has been entered *on the merits,* the parties or those in privity with them are barred, in a subsequent proceeding, from relitigating the same claim or any claim that might have been raised in the first proceeding." *Wash. Med. Ctr., Inc. v. Holle,* 573 A.2d 1269, 1280-81 (D.C. 1990) (emphasis added)."  See Jackson v. Office of the Mayor District of Columbia 911 F. 3d 1167, 1170-71. (D.C. Circ. 2018).

In this matter Res Judicata applies because of DCCA Watkins v. District of Columbia 944 A. 2d 1077 et. seq. (D.C. 2008) final judgment and mandate, "Without exception, [is] an earlier judgment must have been rendered "on the merits" for res judicata to apply." Washington Med. Ctr., 573 A. 2d at 1280-81. Petitioner begs the Court to apply Supreme Court decision in Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L. Ed. 2d 80 (1957). Rejecting the approach that pleading is a game of skill in which one misstep by [Pro se litigant] may be decisive in the outcome.

## DOCTRINE OF RES JUDICATA

The D.C. Circuit precedent expressly held, "Federal courts must accord "full faith and credit" to the judgments of state courts, 28 U.S.C. § 1738, a command that extends with no less force to the judgments rendered by the courts of the District of Columbia, *Youngin's Auto Body v. District of Columbia,* 775 F.Supp.2d 1, 5-6, 2011 WL 996662, at *3 (D.D.C. Mar. 17, 2011). To provide the requisite "full faith

6

and credit," federal courts must give the judgments of other courts of competent jurisdiction "the same preclusive effect as would the issuing court," *Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 77 (D.C.Cir.1997)*".

The D.C. Circuit further held, "Under District of Columbia law, the doctrine of *res judicata* provides that "a valid final judgment on the merits absolutely bars the same parties from relitigating the same claim in a subsequent proceeding." *Mamo v. District of Columbia, 934 A.2d 376, 387 (D.C.2007)* (internal quotation marks omitted), *cert. denied,* 552 U.S. 1259, 128 S.Ct. 1670, 170 L.Ed.2d 357 (2008). Specifically, a subsequent lawsuit will be barred if there has been prior litigation (i) involving the same claim or cause of action, (ii) between the parties or their privies and (iii) there has been a final judgment on the merits, (iv) by a court of competent jurisdiction. *Porter v. Shah, 606 F.3d 809, 813 (D.C.Cir.2010)*. Provided these four elements are met, the final judgment "embodies all of a party's rights arising out of the transaction involved, and a party will be foreclosed from later seeking relief on the basis of issues which might have been raised in the prior action." *Parker v. Martin, 905 A.2d 756, 762 (D.C.2006)* (internal quotation marks omitted). In this case, [Respondents] have [**not**] carried their burden of establishing that all four elements are [**not**] present. Herrion v. Children's National Medical Center, 786 F. Supp. 2d 359 at 368. (D.C. Cir. 2011).

## DCCA FINAL JUDGMENT AND MANDATE IN No. 19-CV-303

The attached final judgment and mandate declare Watkins v. District of Columbia, 944 A. 2d 1077 (D.C.2008) holding, "That decision is the law of the case and affirmed that appellant was not reinstated to his employment but was instead awarded eighteen months of front pay." That holding is consistent with DCCA 944 A. 2d 1077 at 1082, 1085. Id. It is undisputed and affirmed, that District of Columbia Courts do not have CSRA or CSRS 5 U.S.C. § 8336 authority or jurisdiction. That authority and jurisdiction rests 'solely' with the Federal Circuit Court of Appeals.

## RESPONDENTS ARE FULLY AWARE OF PETITIONER'S ENTITLEMENT TO IMMEDIATE RETIREMENT PURSUANT TO 5 U.S.C. § 8336

Petitioner/Plaintiff for over (20) twenty years has literally begged Respondents/Defendants to reinstate his desperately needed 'health' and 'dental'

insurance benefits and 'back pay' award to no avail. Despite D.C. Code §1-615.54 (a)(1)(3)(d), "An employee who prevails in a civil action at the trial level, shall be provided the equitable relief provided in the decision effective upon the date of the decision, absent a stay." Id. The record in this matter is crystal clear, DCCA Watkins, 944 A. 2d 1077, 1082 and 1085, is the 'law of the case' and speaks plainly and binding! Thereto, 28 U.S.C § 1738, 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 2202 must be applied to the 'equitable relief' "Complaint and Motions" for final judgment and mandate enforcement.

## CONCLUSION
### (Prayer for Affirmative Relief)

Petitioner/Plaintiff identifies and selects the United States Court of Appeals for the District of Columbia Circuit, United States District Court for the District of Columbia as the appropriate Full Faith and Credit Clause (Article IV, Section 1 Constitution) 28 U.S.C. § 1731, 'Enforcement'/Compliance destination. Respondents/Defendants refuses to accept the requested mandated 'make whole', 'equitable' relief 'compensatory damages' and post-trial (decisions) and appellate (damages) judgment/mandate of (20) twenty years of 'pain and suffering' (monetary amount to be determined) by the Court. Which is statutorily mandated by D.C. Official Code § 1-615.54(a)(1)(D)(F), affirmed by DCCA Watkins supra, 944 A. 2d 1077 at 1082, 1085 and Federal Circuit four (4) times. Thereto, Petitioner/Plaintiff now realizes both the June 2, 2025 DC Office of Risk Management final (C-GL-25-03659) decision and the DC Department of Corrections June 17, 2025 denial of mandated 'equitable relief' '"back pay"' award alleged final decisions were just another cheap and shameful Agency/Defendant **SCAM**. Which cannot be ignored. The affirmed 'lawful' final relief award of 'back pay' 'Restoration of lost Benefits' affirmative 'Compensatory' and "'Liquidated ('treble') Damages."' With, further relief in the form of 'reimbursement' of all fees, medical/dental fees and expenses with ('interest') and costs incurred due to the "Respondents" actions. Equally as important, pursuant to 28 U.S.C. § 1738, and 28 U.S.C. § 2202 to enforce 'equitable relief' "**complaint/motions**" as Pro se Petitioner/Plaintiff **sought** and again seeks **§**

8

**2202** any further relief the court deems necessary, just and appropriate.  Again, the timely requested restoration of health insurance benefits is "urgent" and desperately needed as statutorily and judicially mandated and affirmed. Petitioner requests this Complaint be treated also as a Motion to enforce/compel final judgment and mandate 'enforcement' and compliance.

Respectfully Submitted,

Attachments:

> : Watkins v. District of Columbia 944 A.2d 1077(2008) Final Judgment and Mandate. See 28 U.S.C. 1738…..
>
> : DCCA  944 A. 2d 1077 and No. 04-CV-001186 Mandate.
>
> : DCCA No. 15-CV-94 Relief Jurisdiction Judgment and Mandate
>
> : DCCA No. 19-CV-303 Final 'Law of the Case" Judgment/Mandate.
>
> : Federal Circuit 2025-1882 Final ORDER and Mandate.

Ronald K. Watkins, Pro se plaintiff
P.O. Box 7676
Silver Spring, Maryland 20907-7676
E-Mail address: walkolove@aol.com
Phone # (301) 204-2846
Plaintiff/Petitioner
Expedited De Nova Ruling Requested

9

## Certificate of Service

I, Ronald K. Watkins Sr., Pro Se Appellant/Petitioner, hereby certify that a copy of the foregoing **("COMPLAINT")** AND "Motion" for 'equitable relief' enforcement was served via certified U.S. Mail postage prepaid and OAG e-file system this 22nd, day of January 2026. Upon:

Brian Schwalb, Esq.
Sarah Carroll, Esq.
Thais-Lyn Trayer Esq.
Attorney General
For the District of Columbia
Civil Litigation Division, Section IV
Office of the Attorney General
400 6th Street, NW Suite #8100
Washington D.C. 20001
Attorneys for Defendants/Respondents
Phone number: (202) 724-1464
Phone number: (202) 255-3681
Phone number: (202) 727-3400
Fax number: (202) 347-8922
Email address: oag@dc.gov
Email address: sarah.carroll@dc.gov
Email address: thais-lyn.trayer@dc.gov

Ronald K. Watkins, Sr. Pro se Petitioner/Plaintiff
P.O. Box 7676
Silver Spring, Maryland 20907-7676
Phone Number: (301) 204-2846 (cell)
E-mail Address: walkolove@aol.com
Pro se Plaintiff/Petitioner

10